UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JEREMIAH VERNON WEBB,
individually and as next friend of
B.A.W., a minor,

      Plaintiff,

v.                                                                  Case No. 8:25-cv-1835-JLB-CPT

DIOCESE OF VENICE IN FLORIDA,
INC., BISHOP FRANK J. DEWANE,
AMY YAGER, FR. ERIC SCANLAN,
INCARNATION CATHOLIC SCHOOL,
LIGIA DELORES CERVERA, n/k/a
LIGIA D. HALL, JOHN DOE(S),
JANE DOE(S), DR. BRAD STEPHEN
BROEDER, and DAVID BOOKER,

      Defendants.
_____/


## REPORT AND RECOMMENDATION

Before me on referral is pro se Plaintiff Jeremiah Vernon Webb's *Application to Proceed in District Court Without Prepaying Fees or Costs* (Doc. 2), which I construe as a motion to proceed in forma pauperis (IFP Motion). Also before me is Webb's complaint. (Doc. 1). For the reasons discussed below, I respectfully recommend that Webb's IFP motion be denied and that his complaint be dismissed with leave to amend.

I.

This case stems from a custody dispute involving Webb's minor daughter, B.A.W.   (Doc. 1).  According to Webb, he shares joint custody of B.A.W. with the girl's mother, Defendant Ligia Hall, under a parenting plan instituted several years ago.  *Id*. at 3–4.  Notwithstanding this plan, Webb alleges that between February 2025 and July 2025, Hall, along with the principal of B.A.W.'s school, Defendant Amy Yager, and the entity which operates the school, Defendant Diocese of Venice in Florida, Inc. (Diocese of Venice), "engaged in a systemic conspiracy" with the other Defendants named in Webb's complaint to violate Webb and B.A.W.'s "constitutionally protected rights."  *Id*. at 4.  In support of this allegation, Webb avers, *inter alia*, that Hall unlawfully "issued a unilateral trespass notice blocking [Webb's] access to her residence in direct violation of court orders;" that Hall and Yager subsequently caused B.A.W to be wrongly "withh[e]ld" from Webb at a court-ordered pickup at B.A.W.'s school, supposedly at the direction of the Florida Department of Children and Families; that Yager called "911" the same day and falsely accused Webb of "beating" B.A.W. and being "mentally ill," and that the "Diocese [of Venice] and its agents failed to supervise and intervene" in the Defendants' illicit behavior, all of which "deprived Webb of [one hundred and forty] consecutive days of custodial time" with B.A.W.  *Id*. at 4–5.

Based upon these and other averments, Webb asserts federal claims under the Fourth Amendment, the Fourteenth Amendment, and 42 U.S.C. § 1983, as well as state law claims for defamation, slander per se, intentional infliction of emotional

distress, and "abuse of process." *Id.* at 4. To remedy the harms caused by the Defendants, Webb seeks, among other relief, compensatory, punitive, and treble damages, as well as an injunction precluding "further custodial interference," requiring "compl[iance] with [the] existing [p]arenting [p]lan," and "[r]escind[ing] [Hall's] unlawful trespass notices." *Id.* at 8.

In his IFP Motion, Webb represents that he is unemployed, earns approximately $1,500 per month, and has no assets. (Doc. 2 at 2–3). Webb additionally represents that his offsetting monthly expenses total approximately $3,350, and include disbursements for alimony, maintenance and support, as well as outlays to repay more than $325,000 in loans. *Id.* at 4–5.

## II.

Pursuant to 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution[,] or defense of any suit, action[,] or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing of indigency by affidavit. 28 U.S.C. § 1915(a)(1). A district court has "wide discretion" to grant or deny an application to proceed in forma pauperis. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004) (per curiam) (citation omitted). While such an application need not establish that the litigant is "absolutely destitute," it must demonstrate that the litigant, because of his poverty, is unable to pay the court fees and costs, as well as to provide "necessities for himself and his dependents." *Id.* at 1307 (internal quotation marks and citation omitted). In assessing whether a litigant is indigent, "courts will generally look to whether [he] is employed,

3

[his] annual salary, and any other property or assets [he] may possess." *Lesure v. Saul*, 2021 WL 2003458, at *1 (M.D. Fla. Mar. 31, 2021) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2021 WL 2003073 (M.D. Fla. May 19, 2021).

When an application to proceed in forma pauperis is filed, a district court must also review and dismiss a plaintiff's complaint sua sponte if it finds that the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, the Federal Rules of Civil Procedure mandate that a court dismiss a case "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (stating that all federal courts have an "independent obligation" to ascertain whether subject-matter jurisdiction exists, "even in the absence of a challenge from any party") (citation omitted).

In evaluating a complaint under this framework, a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Jara v. Nunez*, 878 F.3d 1268, 1271–72 (11th Cir. 2018) (citation omitted). A court, however, will not "afford [any] presumption of truth to legal conclusions and recitations of the basic elements of a cause of action." *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam) (citations omitted).

Finally, while a pro se pleading is to be construed liberally, a court is not to "act as de facto counsel" for an unrepresented litigant, nor is it to "rewrite an otherwise

4

deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

III.

Irrespective of whether Webb may proceed in forma pauperis, his complaint is subject to dismissal—at a minimum—under the domestic relations exception and because it does not comply with the basic pleading standards set forth in Federal Rules of Civil Procedure 8 and 10. I will address each of these shortcomings in turn.

A.

The domestic relations exception instructs federal courts to abstain from assuming jurisdiction over cases that require a determination on issues of child custody, paternity, divorce, or alimony. *See Moussignac v. Ga. Dep't of Human Res.*, 139 F. App'x 161, 162 (11th Cir. 2005) (per curiam)[1] ("[F]ederal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification.") (citing *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988)). "The reasons for federal abstention in these cases are apparent: the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in

---

[1] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

federal courts." *Carver v. Carver*, 954 F.2d 1573, 1578 (11th Cir. 1992) (internal quotation marks and citation omitted).

Given that Webb's federal claims in particular center around the alleged violations of his custodial rights over B.A.W. and given his requested relief— including, as referenced above, an injunction preventing "further custodial interference" and requiring "compl[iance] with [the] existing [p]arenting [p]lan"—it appears that the Court's disposition of the federal claims would inevitably compel it to inquire into aspects of Webb's relationship with B.A.W., a relationship that may still be the subject of the state court's purview. *See Northwestern Mutual Life Ins. Co. v. Abdo*, 2024 WL 4336586, at *1 (S.D. Fla. Apr. 24, 2024) (stating that "[t]he essential question [in deciding if the domestic relations exception applies] is whether resolving 'the claim would require the court to delve into the parties' domestic affairs'") (quoting *Rash v. Rash*, 173 F.3d 1376, 1380 (11th Cir. 1999)). As a result, I respectfully submit that the Court should dismiss Webb's federal claims under the domestic-relations exception. *See Ingram*, 866 F.2d at 370 (finding that a federal court should dismiss a claim pursuant to the domestic relations exception "if hearing the claim would mandate inquiry into the marital or parent-child relationship") (citation omitted); *see also Morancy v. Salomon*, 2024 WL 3659316, at *1 (M.D. Fla. July 31, 2024) ("[P]roceedings involv[ing] issues of child custody . . . fall under the domestic relations exception to federal jurisdiction.") (citing *Marshall v. Marshall*, 547 U.S. 293, 308 (2006)), *aff'd*, 2025 WL 1341957 (11th Cir. 2025). If the Court accepts this recommendation, it should dismiss Webb's state law claims as well. *See Royal Canin U. S. A., Inc. v. Wullschleger*,

604 U.S. 22, 31-32 (2025) (explaining that if a district court "has dismissed all claims over which it has original jurisdiction," then "supplemental jurisdiction persists, [but] the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court.") (footnote and citation omitted); *Silas v. Sheriff of Broward Cnty, Florida*, 55 F.4th 863, 866 (11th Cir. 2022) ("We have encouraged district courts to dismiss any remaining state claims [in a complaint] when . . . the federal claims have been dismissed prior to trial.") (quoting *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004)).

## B.

In addition to the above issue, Webb's complaint does not satisfy the pleading requirements imposed by Rules 8 and 10.  Rule 8 directs, in relevant part, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 10 relatedly necessitates that a complaint set forth "its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count" if doing so "would promote clarity."  Fed. R. Civ. P. 10(b).  As the Eleventh Circuit has explained, Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that a] court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be

granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Here, in contravention of Rules 8 and 10, Webb does not separate his federal and state law claims into different counts and also does not properly delineate the pertinent facts that supposedly buttress each of these counts. Accordingly, it is difficult to ascertain with any confidence which of his factual allegations relate to which of his claims. *See Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 366 (11th Cir. 1996) (stating that a hallmark of an improperly pleaded complaint is that "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"). This pleading defect deprives both the Defendants and the Court of "fair notice" as to the nature of Webb's claims and the grounds upon which they are predicated. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007); *see also Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (observing that the "[t]he unifying characteristic" of complaints that fail to satisfy Rules 8 and/or 10 "is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests"); *Curry*, 738 F.3d at 1250 ("It is important that defendants be apprised of the conduct that forms the basis of the charges against them."). The fact that Webb is proceeding pro se does not excuse his failure to adhere to the strictures of Rules 8 and 10. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Heard v. Nix*, 170 F. App'x 618, 619 (11th Cir. 2006)

(per curiam) ("Although pro se complaints must be liberally construed, such complaints still must comply with the procedural rules governing the proper form of pleadings."); *Simpson v. Recksiedler*, 2025 WL 959158, at *6 n.8 (M.D. Fla. Mar. 31, 2025) (stating that it is a pro se plaintiff's "responsibility to ensure that [his] . . . complaint . . . complies with all applicable pleading requirements") (citing *Washington v. Dep't of Child. & Fams.*, 256 F. App'x 326, 327 (11th Cir. 2007) (per curiam)).

IV.

Notwithstanding the above deficiencies, I respectfully submit that the Court should dismiss Webb's complaint without prejudice and with leave to amend, so that Webb has an opportunity to correct these problems. *See Emrit v. Sec'y, U.S. Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020) (per curiam) ("A plaintiff ordinarily should get one opportunity to amend his complaint before dismissal with prejudice.") (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)).  If Webb elects to file a revised complaint, however, I encourage him to seek legal assistance and to consult the resources available to pro se litigants in advance of doing so.  Webb may obtain advice, for instance, through the "Legal Information Program," in which the Tampa Bay Chapter of the Federal Bar Association offers unrepresented parties the chance to solicit free, limited guidance from attorneys on the procedures governing federal cases.

Webb may also review the materials the Middle District of Florida makes available to pro se litigants, which includes a "Guide for Proceeding Without a

9

Lawyer." The Court's website additionally contains helpful links to the Federal Rules of Civil Procedure, as well as to various forms for parties in federal lawsuits to use.

V.

In light of all the above, I respectfully recommend that the Court:

1.      Deny Webb's IFP Motion without prejudice (Doc. 2);

2.      Dismiss Webb's complaint without prejudice (Doc. 1);

3.      Grant Webb leave to file, within thirty (30) days of the Court's Order, an amended complaint that sufficiently pleads one or more cognizable causes of action over which the Court has jurisdiction; and

4.      Caution Webb that a failure to abide by this directive may result in the dismissal of his case without further notice.

Respectfully submitted this 22nd day of October 2025.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable John L. Badalamenti, United States District Judge
Pro se Plaintiff